UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaitniff,<br><br>          vs.<br><br>JULIE FARMER,<br><br>                    Defendant.<br>_____/ | CASE NO. CR F 11-0026 LJO<br><br>**ORDER ON GOVERNMENT'S MOTION TO STRIKE DR. TERRLL'S PROPOSED TESTIMONY (*DAUBERT* ISSUE)**<br>(Doc. 361.) |

This Court has reviewed the parties' extensive briefing, conducted a February 10, 2014 evidentiary hearing, and entertained exhaustive oral argument on the Government's Motion to Strike the expert testimony of Forensic Psychiatrist Howard Terrell, M.D. ("Dr. Terrell"). This Court has also reviewed 14 articles which Dr. Terrell submitted to the Court at the time of the evidentiary hearing. This Court needs nothing further to rule.

The issue is whether defendant Julie Farmer ("defendant") has provided sufficient information to illustrate that Dr. Terrell's testimony is based on tested scientific knowledge under F.R.Evid. 702 that will assist the trier of fact. The Court finds that the defense has not met its burden. *United States v Frazier*, 387 F.3d 1244, 1260 (2004).

In this case, the defense wishes this Court to allow Dr. Terrell to testify that people who do what the defendant is accused of doing in the indictment (conspiracy to commit mail/wire/bank fraud, mail fraud, wire fraud, bank fraud, aiding and abetting, and conspiracy to

1

launder money) generally have a "severe underlying personality disorder," one that the defendant in this case does not have.  The obvious inference that the defense wishes the trier of fact to draw, after such testimony and argument by counsel, is that defendant therefore did not commit the crimes.

In a motion of this nature, the Court ordinarily should consider the known or potential rate of error of a particular scientific technique and the existence and maintenance of standards controlling the technique's operation.  A reliability assessment does not require, although does permit, explicit identification of a relevant scientific community and an express determination of a particular degree of acceptance within that community.   When confronted with the issue in this case, neither the testimony nor the articles submitted substantiates acceptance within the community.  The key issue, as articulated by the U.S. Supreme Court, is reliabilty:  "Under the Rules, the trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharmaceuticals, Inc.,*  509 U.S. 579, 589 (1993).

The Court has already excluded, on the record at the evidentiary hearing, and for the reasons stated on the record, the portion of Dr. Terrell's report where he stated:  "Given her character and personality structure, I believe it extremely unlikely that Mrs. Julie Farmer would knowingly enter into an illegal enterprise, especially one that would involve committing multiple felonies over a period of months or years."

The more distilled focus of this order is whether ANY of his opinions are appropriate.

The defense argues, in part, that Dr. Terrell should be able to testify that mental illness may play a role in predicting the risk of committing crimes, and that people who commit "such crimes as charged" usually have a severe underlying personality disorder, severe and pathological personality traits, or a substance abuse problem.  In revisiting Dr. Terrell's testimony at the hearing and rereading the articles provided by Dr. Terrell, there appears to be neither a scientific basis nor specific testimony to support the proposition that the crime of fraud was evaluated, observed, or was even a part of any conclusions.  For that matter, Dr. Terrell conceded that even his own experience with fraud crimes was indeed limited.  Dr.

Terrell admitted on the stand that the breakout/breakdown of the fraud crimes within the relied upon studies could cause him to reconsider and revise his expressed opinions.

In sum, neither foundation nor scientific methodology exists on Dr. Terrell's road to his expressed opinions.  The Government's argument that Dr. Terrell's report is "thinly veiled advocacy testimony" is grossly understated.   To allow his opinions would be to allow speculation, simple subjective beliefs, and would be out of compliance with the mandates of F.R.Evid. 704(b).  Dr. Terrell's testimony will not be allowed.

IT IS SO ORDERED.

Dated:   **March 6, 2014**            /s/ Lawrence J. O'Neill
                                      UNITED STATES DISTRICT JUDGE