UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JULIE DIANNE FARMER,<br><br>    Defendant. | 1:11-CR-0026-LJO<br><br>MEMORANDUM DECISION AND ORDER RE DEFENDANT'S MOTION FOR NEW TRIAL OR, ALTERNATIVELY, MOTION FOR **BRADY** MATERIAL FOR USE AT SENTENCING (Doc. 504) |

    The Court has received and reviewed the Defendant's alternative motions, as well as the Government's opposition papers and Exhibits.  The Court considers the matter under submission and now rules.

    Since this is not the first motion for new trial brought by the Defendant, rather than repeat much of what has already been provided by this Court, the following is hereby incorporated by reference: The Memorandum Decision (Doc. 496) filed on July 11, 2014, specifically at pages 1, lines 13-19; and page 2, lines 5-20; and page 2, lines 22 and 23 (first sentence).

    Defendant THIS TIME claims that the government failed to provide exculpatory material in its possession on the issue of materiality of alleged false statements and omissions in the loan applications to the decision-makers at various mortgage lenders.  If

1

that motion is denied, the Defendant wants an order of discovery granted, for all exculpatory material in the government's possession for use at sentencing.

The Court agrees with the Government's opposition and incorporates it (Doc. 513) by reference and thereby finds that:

1. the instant motion is untimely pursuant to Rules of Criminal Procedure, Rule 33(b)(2);

2. Rule 33(b)(1) is inapplicable, in that there is no newly discovered evidence;

3. The information sought is not material and does not provide a defense to any of the charges upon which the Defendant was convicted;

4. The Defendant's position has long been that the fraud occurred (*see* Doc. 496, page 2, line 22, as well as the trial transcript cited by the Government in Doc. 513), and that the Defendant simply didn't know about it and didn't have anything to do with it.  The new position is simply a late, newly manufactured theory in light of the factual and legal findings of the jury;

5. The new information sought was known to everyone in this case long before trial, and certainly during trial, and in plenty of time to bring a timely motion;

6. The requested information is NOT Brady v. Maryland (373 U.S. 83) material, and the current request is an untimely discovery motion for materials that are accessible by the Defendant, and in any event are not material to the sentencing;

7. There is a reasonable probability that the jury would have found the Defendant guilty---with or without the requested information---based on the evidence available to both sides (some presented and some not, based on reasons officers of this Court are not required to provide), and evidence placed before the jury.

1 | The Defendant's alternative motions are **DENIED.** Sentencing will occur as scheduled.

IT IS SO ORDERED.

Dated: **September 17, 2014**          **/s/ Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE